UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
MAY 10 2021

| | |
|---|---|
| MATTHEW C. KURTENBACH,<br><br>Plaintiff,<br><br>vs.<br><br>SECURUS TECHNOLOGIES,<br><br>Defendant. | 1:21-CV-01006-CBK<br><br>ORDER |

    Plaintiff filed a pro se complaint and an application to proceed without the prepayment of fees. The application was granted and plaintiff was ordered to pay an initial filing fee, which he paid.

    The Prison Litigation Reform Act requires the Court to conduct a preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to ordering service of the complaint. The Court is required to dismiss a case filed without the prepayment of fees at any time if it determines that the action (1) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." Where a district court cannot exercise personal jurisdiction over the defendant, a claim is properly dismissed under § 1915. Sanders v. United States, 760 F.2d 869, 871, 872 (8th Cir. 1985).

    Plaintiff claims that defendant Securus Technologies violated the Electronic Communication Privacy Act (the "Wiretap Act"), 18 U.S.C. 2510-2520, by intercepting, monitoring, or recording at least one call to his attorney. Kurtenbach further claims that Securus Technologies violated the Federal Communications Act ("FCA"), 47 U.S.C. § 201, by charging unjust and unreasonable fees for inmate telephone calls. Plaintiff has alleged federal causes of action against the defendant. When a plaintiff is granted leave to file a federal complaint without prepayment of fees, the district court orders the service of process pursuant to 28 U.S.C. § 1915(d). Before this Court can exercise personal jurisdiction over a defendant, there "must be a basis for the defendant's amenability to service of summons." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L. Ed. 2d 415 (1987).

The records of the South Dakota Secretary of State, of which I take judicial notice, show that Securus Technologies, LLC, is a Delaware corporation registered to do business in South Dakota. Pursuant to Fed. R. Civ. P. 4(h)(1)(B), Securus Technologies is subject to service of process, *inter alia*, "by delivering a copy of the summons and of the complaint to . . . any other agent authorized by appointment or by law to receive service of process . . . ." Securus Technologies has a registered agent in South Dakota - CT Corporation System, 319 S. Coteau St., Pierre, South Dakota, 57501-3187 - for the receipt of service of process. https://sosenterprise.sd.gov /BusinessServices/Business/ FilingSearch.aspx, visited March 23, 2021. It appears that there is a basis for exercising personal jurisdiction over Securus Technologies.

Now, therefore,

IT IS ORDERD:

1. Plaintiff's application, Doc. 2, to proceed without the prepayment of fees is granted.

2. The Clerk of Court shall provide to plaintiff a summons and USM-285 form. Plaintiff shall compete and return to the Clerk of Court the summons and USM-285 form. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons.

3. The United States Marshals Service shall serve a copy of the summons and complaint upon the Securus Technologies, LLC, pursuant to Fed. R. Civ. P. 4(h)(1)(B). All costs of service shall be advanced by the United States.

4. In the event plaintiff makes a recovery under the complaint, plaintiff shall reimburse the government for any filing and service fees that have been advanced.

5. If the plaintiff fails to submit the USM-285 form as directed, this matter may be dismissed for failure to prosecute.

DATED this 30th day of April 2021.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge