UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

FILED
MAR 25 2022

| | |
|---|---|
| MATTHEW C. KURTENBACH,<br><br>Plaintiff,<br><br>vs.<br><br>SECURUS TECHNOLOGIES,<br><br>Defendant. | 1:21-CV-01006-CBK<br><br>MEMORANDUM OPINION<br><br>AND<br><br>ORDER |

Plaintiff claims that, while he was a pre-trial detainee facing state court criminal proceedings in South Dakota and Minnesota, defendant Securus Technologies, the telecommunications provider for the jails where he was detained, violated the Electronic Communication Privacy Act (the "Wiretap Act"), 18 U.S.C. 2510-2520, by intercepting, monitoring, or recording at least one call to his attorney. Plaintiff further claims that Securus Technologies violated the Federal Communications Act ("FCA"), 47 U.S.C. § 201, *et seq.*, by blocking or immediately terminating certain calls but nonetheless by unjustly and unreasonably charging fees for such calls. Defendant has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted.

The United States Court of Appeals for the Eighth Circuit has set forth the relevant standard when considering a motion to dismiss for failure to state a claim.

> To state a claim under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading need not include "detailed factual allegations," but it is not sufficient to tender "naked assertion[s]" that are "devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint must do more than allege "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*

Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015).

> "[L]egal conclusions" and "threadbare recitations of the elements of a cause of action supported by mere conclusory statements" are not entitled to a presumption of truth when considering the sufficiency of a complaint. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. A complaint must be plausible on its face and "'[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir.2014) (*quoting Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). Making a plausibility determination is a "'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (*quoting Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937).

Zink v. Lombardi, 783 F.3d at 1098. "At this stage in the proceedings, we are required to treat the facts alleged in the complaint as true and make all reasonable inferences in favor of the plaintiff. This is a highly deferential standard." Barton v. Taber, 820 F.3d 958, 967 (8th Cir. 2016).

> It is not necessary to plead facts sufficient to establish a prima facie case at the pleading stage. *See Swierkiewicz [v. Sorema]*, 534 U.S. [506] at 512, 122 S.Ct. 992. This conclusion is bolstered by the fact that the *Twombly* Court, which first authoritatively articulated the plausibility standard, cited *Swierkiewicz* with approval. *See Twombly*, 550 U.S. at 569–70, 127 S.Ct. 1955 (discussing how the new pleading standard does not "run[ ] counter to" *Swierkiewicz* ).
>
> *Iqbal* does not mention, but is wholly consistent with, *Swierkiewicz*; there, the Court stressed that, notwithstanding the neoteric plausibility standard, no "detailed factual allegations" are required in a complaint. *Iqbal*, 556 U.S. at 677–78, 129 S.Ct. 1937 (internal quotation marks omitted). The prima facie standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint.

Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013).

**I. Wiretap Act Claim.**

The Wiretap Act was originally enacted as part of the Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. 90-351, Title III, § 802, 82 Stat. 212, 18 U.S.C. §§ 2510-2520. "The Act represents a comprehensive attempt by Congress to promote more effective control of crime while protecting the privacy of individual thought and expression." United States v. U.S. Dist. Ct. for E. Dist. of Mich., S. Div., 407 U.S. 297, 302, 92 S. Ct. 2125, 2129, 32 L. Ed. 2d 752 (1972).

The Wiretap Act prohibits, *inter alia*, the intentional interception of telephone communications unless specifically authorized by court order. The Act has been updated by the Electronic Communications Privacy Act of 1986, Pub. L. 99-508, Title I, 100 Stat. 1848, and the USA PATRIOT Act of 2001, Pub. L. 107-56, Title II, 115 Stat. 272, to, *inter* alia, make the provisions applicable to new technologies.

Subject to certain specified exceptions, the Wiretap Act prohibits, *inter alia*:

1. the intentional interception of any wire, oral, or electronic communication (§ 2511(1)(a)),
2. the intentional use of an electronic device to intercept any oral communication (§ 25112(b)),
3. the intentional disclosure of the contents of any wire, oral, or electronic communication knowing the information was obtained in violation of the Wiretap Act (§ 2511(c)),
4. the intentional use of the contents of any wire, oral, or electronic communication knowing the information was obtained in violation of the Wiretap Act (§2511(d)), and
5. the intentional disclosure of the contents of any wire, oral, or electronic communication obtained lawfully, knowing it was obtained in connection with a criminal investigation, with the intent to obstruct, impede, or interfere with the criminal investigation (§ 2511(e)).

As applicable to this case, the Wiretap Act "prohibits the interception of telephone conversations, subject to certain exceptions, without a court order." United States v. Lewis, 406 F.3d 11, 14 (1st Cir. 2005).

In addition to the criminal penalty provision, 18 U.S.C. § 2511, the Wiretap Act provides a private right of action for the recovery of civil damages by "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520. Plaintiff alleges in his complaint that defendant installed, maintained, and marketed equipment that intentionally intercepts, monitors, or records wire communications at three facilities where plaintiff was a pretrial

detainee. Plaintiff further alleges that defendant intercepted, monitored, or recorded a call made by plaintiff to a law firm, that he had an expectation of privacy that such call would not be intercepted, monitored, or recorded, and that defendant's intentional interception, monitoring, or recording of his communications to a law office violated the Wiretap Act. Plaintiff has stated a claim that is plausible on its face that defendant violated the Wiretap Act by installing equipment that did intercept plaintiff's telephone call.

Defendant contends that plaintiff's complaint fails to plausibly allege a Wiretap Act claim because plaintiff, an incarcerated individual, had no expectation of privacy in his telephone calls. The Wiretap Act does not specifically address the recording of inmate communications by an inmate telephone service provider. We know that attorney/client communications are protected under the Sixth Amendment's right to the effective assistance of counsel, Mastrian v. McManus, 544 F.2d 813, 820-21 (8th Cir. 1977) ("an accused does not enjoy the effective aid of counsel if he is denied the right of private consultation with him"). Inmates may also have a Fourth Amendment interest in not having their telephone calls monitored. See Katz v. United States, 389 U.S. 347, 353, 88 S. Ct. 507, 512, 19 L. Ed. 2d 576 (1967) ("The Government's activities in electronically listening to and recording the petitioner's words . . . constituted a 'search and seizure' within the meaning of the Fourth Amendment.").

The Sixth Amendment and the Fourth Amendment protections of attorney/client conversations provide the basis for an inmate's expectation that telephone conversations between attorney and client will not be recorded. The United States Supreme Court, in a case pre-dating the Wiretap Act, stated that "it may be assumed that even in a jail, or perhaps especially there, the relationships which the law has endowed with particularized confidentiality must continue to receive unceasing protection." Lanza v. State of N.Y., 370 U.S. 139, 143–44, 82 S. Ct. 1218, 1221, 8 L. Ed. 2d 384 (1962). The law is clear that an incarcerated individual does have an expectation of privacy in their communications with their attorneys.

Defendant also contends that plaintiff's complaint fails to plausibly plead a Wiretap Act claim because plaintiff failed to allege that defendant "specifically intended to record attorney-client telephone calls," that defendant "deliberately targeted privileged calls for recording," and that defendant's "conscious objective was to record attorney-client calls," citing Pratt v. Securus Techs., Inc., No. 1:20-CV-00295-JDL, 2021 WL 1725936, at *4 (D. Me. Apr. 30, 2021). Reliance on Pratt is misplaced. In that case, the district court considered matters outside the complaint, including the Maine's Department of Corrections policy on prisoner telephone systems and the jail's inmate handbook. The District Court considered the facts alleged in the complaint, together with the facts set forth in the policies that were judicially noticed, and determined that plaintiff failed to plausibly allege that Securus intentionally recorded attorney-client calls. Id. at 5.

The District Court in Pratt relied on In re HIPAA Subpoena, 961 F.3d 59, 66 (1st Cir. 2020) for the assertion that plaintiff's complaint must allege defendant's conscious objective." In re HIPPA Subpoena concerned an employee's attempt to quash an administrative subpoena issued to obtain her employer's recorded business telephone calls, which recordings included calls involving the employee which were allegedly illegally recorded in violation of the Wiretap Act. In re HIPAA Subpoena, 961 F.3d at 63. When considering whether the recordings of the employee's calls should be excluded from the subpoenaed records, the First Circuit considered whether the employee's calls were intentionally intercepted by the employer. Id. at 65. In re HIPAA Subpoena concerned whether the recorded telephone calls in question were in fact recorded in violation of the Wiretap Act. The case has no relevance to a motion to dismiss at the pleading stage of litigation. Pratt also relied upon In re Pharmatrak, Inc., 329 F.3d 9, 23 (1st Cir. 2003), which held that the legislative history of the Electronic Communications Privacy Act (which narrowed the definition of "intentional" in the Wiretap Act) showed that liability under the wiretap act required a "conscious objective." Pratt, 2021 WL 1725936, at *6. In re Pharmatrak was decided at summary judgment. That case also has no relevance to the determination whether a complaint has alleged a violation of the Wiretap Act.

5

The Wiretap Act provides exceptions to the § 2511(1) prohibitions including interception, disclosure, or use of a communication "in the normal course of employment while engaged in any activity which is necessary incident to the rendition of his service." 18 U.S.C. § 2511(2)(a)(i). Further, the definition of a "device" used to intercept a communication excludes equipment furnished by a provider of wire or electronic communication service or used by the subscriber or user or by an investigative or law enforcement officer in the ordinary course of business. 18 U.S.C. § 2510(5)(a)(i), (ii). Defendant contends that plaintiff's complaint must be dismissed because plaintiff failed to allege that defendant did not act outside the ordinary scope of its business or that defendant's equipment was not being used by an investigative or law enforcement officer in the ordinary course of his duties.

Defendant appears to assert that a complaint which fails to allege facts showing affirmative defenses to plaintiff's claims do not apply must be dismissed for failure to state a claim. Plaintiff is required to state a claim upon which relief could be granted. Plaintiff is not required to rebut all possible defenses to his complaint in the first place. Defenses, if they exist, are raised in the answer and on motion for summary judgment. At that stage of the litigation, plaintiff would be required to show genuine issues of material fact exist to rebut the claimed defenses.

Defendant's motion to dismiss plaintiff's Wiretap Act claim should be denied.

## II. Federal Communications Act (FCA) Claim.

The Federal Communications Act of 1934 (FCA), Title II, § 201 *et seq.*, 48 Stat. 1070, as amended provides, *inter alia*, that "any 'unjust or unreasonable' charge in connection with a communication service 'is declared to be unlawful,' and gives the FCC power to promulgate rules and regulations defining 'just' and 'reasonable.'" Stuart v. Glob. Tel*Link Corp., 956 F.3d 555, 561–62 (8th Cir. 2020), 47 U.S.C. § 201(b). The FCA provides a private right of action for damages against a carrier by any person injured by any unlawful practice. 47 U.S.C. §§ 206, 207.

Plaintiff claims that defendant violated the FCA by blocking or immediately terminating certain calls but nonetheless by unjustly and unreasonably charging fees for

such calls. Defendant contends that the FCA claim should be dismissed because plaintiff has failed to allege that he was charged rates in excess of the caps established by the Federal Communications Commission ("FCC") and that plaintiff's claim is within the FCC's primary jurisdiction.

Plaintiff's complaint does not appear to challenge the rates set by the FCC for provision of telephone services to pre-trail detainees such as plaintiff. Plaintiff does set forth the rates and fees charged and that, because of the defendant's unreasonable practice, he is required to pay higher fees. However, plaintiff is challenging the method defendant uses to charge those fees. Plaintiff claims that blocking certain calls and dropping calls as soon as they are connected but nonetheless charging him for those calls is an unreasonable practice under the FCA.

Pursuant to 47 U.S.C. § 203(a), defendant is required to file with the FCC "schedules" (called a "tariff") showing its charges and showing the "classifications, practices, and regulations affecting such charges." The FCC determines whether such charges, classifications, practices, and regulations are reasonable. 47 U.S.C. § 204. Pursuant to the "filed-rate doctrine," "no rate other than the one on file may be charged." Arkansas Louisiana Gas Co. v. Hall, 453 U.S. 571, 581, 101 S.Ct. 2925, 69 L.Ed.2d 856 (1981). The filed–rate doctrine "precludes courts from deciding whether a tariff is reasonable, reserving the evaluation of tariffs to the FCC." In re NOS Communications, MDL No. 1357, 495 F.3d 1052, 1057 (9th Cir. 2007).

Defendant failed to cite any case setting forth the requirements for pleading a cause of action for a violation of 47 U.S.C. § 201. Defendant instead contends that plaintiff failed to allege that defendant's actions are "inconsistent with governing regulations or legitimate security concerns" and therefore plaintiff has failed to state a plausible claim. That is an insufficient basis for dismissal of a complaint. I find that plaintiff has adequately pleaded a claim that defendant's practices violate the FCA. Whether in fact such practices are a violation can only be determined after a factual review of the tariff at issue and the FCC's interpretations of the terms of such tariff.

Defendant also suggests that the Court should refer this matter to the FCC because a claim that rates and fees are unjust and unreasonable present an issue within the FCC's primary jurisdiction. The FCA provides:

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

47 U.S.C.A. § 207. Plaintiff has the right to pursue his claim in the District Court that defendant's practice violated the FCA. While it is true that the FCC has exercised its authority over inmate calling services, *see*, Stuart v. Glob. Tel*Link Corp., 956 F.3d at 558, this case does not challenge the rates set by the FCC. At this stage of the litigation, referral is not warranted.

## ORDER

Based upon the foregoing,

IT IS ORDERD that the defendant's motion, Doc. 16, to dismiss is denied.

DATED this 18th day of March, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

8